## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FEDERICO FLORES,

       Plaintiff,             Case No.

      v.

NATIONAL RAILROAD PASSENGER
CORP.,

       Defendant.

---

| | |
|---|---|
| Roy W. Harris Jr. (P74735) | Stephanie L. Sweitzer (P66376) |
| HARRIS LEGAL PLLC | MORGAN, LEWIS & BOCKIUS LLP |
| 100 West Big Beaver Road, Suite 200 | 77 West Wacker Drive |
| Troy, MI 48084 | Fifth Floor |
| (248) 524-0336 | Chicago, IL 60601 |
| roy@myharrislegal.com | (312) 324-1000 |
| | stephanie.sweitzer@morganlewis.com |
| *Attorney for Plaintiff* | |
| | *Attorneys for Defendant* |

---

### NOTICE OF REMOVAL

Defendant National Railroad Passenger Corp. ("Defendant" or "Amtrak"), by its attorneys, pursuant to 28 U.S.C. §§ 1331, 1349, 1441 and 1446, hereby removes this action from the Fourth Judicial Circuit of the County of Jackson, Michigan, to the United States District Court for the Eastern District of Michigan.  Removal is based on the following grounds:

### PROCEDURAL BACKGROUND

1.     On or about February 11, 2016, Plaintiff Federico Flores ("Plaintiff") commenced this action against Amtrak in the Fourth Judicial Circuit Court of the County of Jackson, Michigan, titled *Federico Flores v. National Railroad Passenger Corp.*, Case No. 16-375-CD.

Plaintiff's Complaint alleges a violation of the Elliot-Larsen Civil Rights Act ("ELCRA"), as amended, MCL 37.2101 *et seq.*

2. On February 24, 2016, Amtrak received a copy of the Summons and Complaint from Plaintiff via certified mail. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint that was sent to Amtrak.

3. Exhibit 1 constitutes all process, pleadings, and orders that have been filed in this action.

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of Plaintiff's Summons and Complaint. No previous Notice of Removal has been filed or made with this Court for the relief sought.

**FEDERAL QUESTION JURISDICTION**

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1349 in that a federal question is presented because Amtrak is a federally-chartered stock corporation and the United States owns more than one-half of Amtrak's capital stock. *See* 49 U.S.C. § 24101 *et seq.*; *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002) (concluding district court "had original jurisdiction over the subject matter of the litigation [under 28 U.S.C. § 1331] because the action involves Amtrak and the United States owns a majority of the capital stock of Amtrak"); *see also Hollus v. Amtrak Northeast Corridor*, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997); *Aliotta v. National R.R. Passenger Corp.*, 315 F.3d 756, 758 n.1 (7th Cir. 2003); *National R.R Passenger Corp. v. Rountree Transport and Rigging, Inc.*, 286 F.3d 1233, 1259 n.25 (11th Cir. 2002); *Bak v. Metro-N. RR. Co.*, No. 12-CV-3220 TPG, 2015 WL 1757035, at *3 (S.D.N.Y. Apr. 16, 2015).

6. The removal of this civil action is therefore proper under 28 U.S.C. § 1441(a) because this is a civil action brought in state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the state action is pending.

## VENUE

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the District Court for the Eastern District of Michigan, Southern Division, is the judicial district and division embracing the place where the state court case is pending.

8. Amtrak will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Fourth Judicial Circuit Court, State of Michigan, Jackson County, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendant National Railroad Passenger Corporation respectfully requests that the above action now pending in the Fourth Judicial Circuit of Jackson County, Michigan, Case No. 16-375-CD, be removed to the United States District Court for the Eastern District of Michigan.

Dated: March 18, 2016

NATIONAL RAILROAD PASSENGER CORP.


By: */s/ Stephanie L. Sweitzer*
    One of Its Attorneys

Stephanie L. Sweitzer (P66376)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Fifth Floor
Chicago, IL 60601
(312) 324-1000
stephanie.sweitzer@morganlewis.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies the foregoing Notice of Removal was served via First Class Mail with postage prepaid and electronic mail on the following counsel of record:

Roy W. Harris Jr. (P74735)
HARRIS LEGAL PLLC
100 West Big Beaver Road, Suite 200
Troy, MI 48084
(248) 524-0336
roy@myharrislegal.com

*Attorney for Plaintiff*

/s/ Stephanie L. Sweitzer

Stephanie L. Sweitzer (P66376)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Fifth Floor
Chicago, IL 60601
(312) 324-1000
stephanie.sweitzer@morganlewis.com

# EXHIBIT 1

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

**STATE OF MICHIGAN**
JUDICIAL DISTRICT
**4th JUDICIAL CIRCUIT**
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

CASE NO.
16- 375 -CD

**Court address**

Jackson County Courthouse Building, 312 South Jackson Street, Jackson MI 49201

Court telephone no.
(517) 788-4268

Plaintiff's name(s), address(es), and telephone no(s).
FEDERICO FLORES

v

Defendant's name(s), address(es), and telephone no(s).
NATIONAL RAILROAD PASSENGER CORP.
2330 Brooklyn Rd.
Jackson, MI 49203
(517) 780-3700

DLS certified Mail

**RECEIV** AMTRAK

FEB 2 4 2016

**ELEANOR D. ACHESON**
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

Plaintiff's attorney, bar no., address, and telephone no.
Roy W. Harris Jr. (P74735)
HARRIS LEGAL PLLC
100 W. Big Beaver Rd., Ste 200
Troy, MI 48084
(248) 524-0336

---

| SUMMONS | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 2|11|16 | This summons expires 5|12|16 | Court clerk Amber Pritchard Deputy County Clerk |

*This summons is invalid unless served on or before its expiration date.  This document must be sealed by the seal of the court.

| COMPLAINT | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

| VENUE |

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| 221 W. Laurel St., Willard, OH 44890 | 2330 Brooklyn Rd., Jackson, MI 49203 |

Place where action arose or business conducted
2330 Brooklyn Rd., Jackson, MI 49203

02/08/2016
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (5/15)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
JACKSON COUNTY CIRCUIT COURT

FEDERICO FLORES, )
)
Plaintiff, )
)
vs. )
)
NATIONAL RAILROAD PASSENGER CORP., )
)
Defendant. )
)

Case No.: 16- 3 7 5 -CD

Hon:

Hon. Richard N. LaFlamme
P32641

*Attorney for Plaintiff*
Roy W. Harris Jr. (P74735)
HARRIS LEGAL PLLC
100 West Big Beaver Road, Suite 200
Troy, MI 48084
(248) 524-0336
roy@myharrislegal.com

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     Plaintiff Federico Flores (hereinafter "Plaintiff" or "Flores"), by counsel, brings this action against Defendant, National Railroad Passenger Corp., (hereinafter "Amtrak" or "Defendant") for unlawfully violating Flores's rights as protected by the Elliott-Larsen Civil Rights Act ("ELCRA"), as amended, MCL 37.2101 *et seq.*

### II. PARTIES

2.     At all relevant times, Plaintiff Federico Flores was a resident and citizen of Willard, Huron County, Ohio.

3. Defendant is a federally-chartered corporation that maintains offices, carries on a continuous and systematic part of its general business, and conducts business in Jackson, Michigan within the geographical boundaries of Jackson County, Michigan.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this Complaint pursuant to MCL 37.2801.

5. Defendant is an "employer" as that term is defined by MCL 37.2201(a).

6. Defendant and Plaintiff are each a "person" as that term is defined by MCL 37.2103(g).

7. At all times relevant to this action, Flores was an "employee" within the meaning of MCL 37.2201(a).

8. The amount in controversy exceeds $25,000.00 exclusive of interest, costs, and attorney fees.

9. The alleged violations occurred and substantially all of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical boundaries of Jackson, Jackson County, Michigan, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Flores is a person of Hispanic ethnicity who was hired by Defendant on or about October 29, 2012.

11. Signal Supervisor is the last position that Flores held with Defendant.

12. On or about September 10, 2014, Flores was on duty for Defendant when he was attacked by a belligerent Caucasian, non-Hispanic, coworker named Ron Bugner who also held a Signal Supervisor position with Defendant. Bugner violently confronted Flores and made

physical contact with Flores while initiating a physical altercation with Flores.

13. In response to Bugner's physical and verbal assault, Flores disengaged from the physical attack by pushing Bugner aside and removing himself from the threatening situation.

14. Flores immediately reported Bugner's violent physical and verbal attack to their manager, Robert Lotsbaich.

15. Defendant purports that it terminated Flores' employment because Flores used force to extract himself from Bugner's violent attack.

16. Defendant subjected Bugner to either no or lesser corrective action than it imposed on Flores, even though Bugner instigated the confrontation and exerted physical and verbal violence against Flores before Flores ever touched Bugner.

17. Defendant's stated reason for terminating Flores is mere pretext for unlawful discrimination on the basis of Flores' Hispanic national origin, race and/or color.

18. Flores met or exceeded the Defendant's legitimate performance expectations at all times relevant to the instant lawsuit.

19. Defendant subjected Bugner to more favorable terms, conditions and privileges of employment than it imposed on Flores under the same or similar circumstances.

## V. CAUSE OF ACTION

### UNLAWFUL DISCRIMINATION

20. Flores hereby incorporates paragraphs one (1) through nineteen (19) of this Complaint as if the same were set forth at length herein.

21. Defendant terminated Flores, and otherwise discriminated against Flores with respect to employment, compensation, or a term, condition, or privilege of employment, on the basis of Flores' Hispanic national origin, race and/or color.

-3-

22. Defendant limited, segregated, or classified Flores in a way that deprived or tended to deprive Flores of an employment opportunity, or otherwise adversely affected Flores's employment status on the basis of Flores' Hispanic national origin, race and/or color.

23. The Defendant's actions were in violation of Flores' rights as protected by the ELCRA.

24. The Defendant's actions were willful, intentional, done in bad faith with malice aforethought, and in reckless disregard for Flores's civil rights.

25. Flores has suffered damages as a result of the Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Federico Flores, respectfully requests that this Court enter judgment in Flores' favor and award Flores the following relief:

1. Injunctive relief sufficient to prevent the Defendant from subjecting individuals to unlawful discrimination on the basis of national origin, race and/or color;

2. Payment to Flores of all lost wages and benefits incurred as a result of the Defendant's unlawful actions;

3. Payment to Flores of compensatory and exemplary damages;

4. Reinstatement to the position that Flores would have enjoyed but for the Defendant's unlawful conduct, or front pay in lieu thereof;

5. Payment to Flores of pre- and post-judgment interest;

6. Payment to Flores of all reasonable costs and attorney's fees incurred in litigating this action; and

7. Provide to Flores any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

Roy W. Harris Jr.

HARRIS LEGAL PLLC
100 West Big Beaver Road, Suite 200
Troy, MI 48084
(248) 524-0336
roy@myharrislegal.com
P74735

*Attorney for the Plaintiff, Federico Flores*

Dated: February 8, 2016

## DEMAND FOR JURY TRIAL

Plaintiff, Federico Flores, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

Roy W. Harris Jr.

HARRIS LEGAL PLLC
100 West Big Beaver Road, Suite 200
Troy, MI 48084
(248) 524-0336
roy@myharrislegal.com
P74735

*Attorney for the Plaintiff, Federico Flores*

Dated: February 8, 2016

# NOTICE TO PLAINTIFF
# AND/OR PLAINTIFF'S ATTORNEY

1. You must serve a copy of this notice and the case scheduling order with the summons and complaint.

2. You must file a proof of service within 91 days showing that the case scheduling order has been served on the defendant.

3. Failure to file a proof of service may result in dismissal or imposition of costs.

Honorable Richard N. LaFlamme
Circuit Judge

Copies of this notice and the case scheduling order were provided to the person who filed the complaint.

Amber Pritchard
Deputy County Clerk

Dated: 2|11|16

Deputy Court Clerk

16e- 375. W

## CASE SCHEDULING ORDER
### (CB, CC, CD, CE, CL, CP)

| Event | Date | Time |
|---|---|---|
| ADR Pre-Trial | Tuesday, June 13, 2016 | 11:30 a.m. |
| Pre-Trial | Friday, February 24, 2017 | 11:00 a.m. |
| Trial | Wednesday, March 22, 2017 | 8:30 a.m. |

1. **What is an ADR Pre-Trial?** Most Civil Cases are scheduled for an ADR Pre-Trial approximately ninety days after the case is filed. The purpose of the ADR Pre-Trial is to establish a plan for Alternative Dispute Resolution. The parties and attorneys should consider the different types of ADR, Arbitration, Case Evaluation, Mediation and the timing of ADR.

   Traditionally, most attorneys have selected Case Evaluation at the end of discovery. However, Case Evaluation across the State resolves only fifteen to twenty percent of the cases. Mediation, which has also been called Facilitative Mediation, reportedly resolves fifty to seventy-five percent of the cases. You do not need to accept one or the other. You can select both but if you do that, you must decide which you want to do first.

   Few attorneys come to court for the ADR Pre-Trial. Some are conducted by phone but most attorneys enter into a stipulation before the ADR Pre-Trial and the stipulation is mailed or faxed to the Court. The ADR Stipulation is self-explanatory and it can be obtained on the Judge's web page at http://www.co.jackson.mi.us/county_courts/honorable_richard_laflamme/index.asp

   Select the ADR option that best suits your case. If you cannot reach an agreement, I will decide. You can amend an ADR Plan by stipulation. If an amended ADR Plan will affect a scheduled pre-trial or trial date, you must show good cause. Failure by both parties to appear at the ADR Pre-Trial will be considered by the Court as a request for an immediate Trial date.

2. **Pretrial Conference.** The parties are expected to be present at the pretrial or available by telephone. Attorneys are expected to be **present** in Court. This is NOT a settlement conference. Parties are encouraged to arrange mediation prior to the final pretrial.

3. **Witness Disclosure.** All of plaintiff's witnesses must be disclosed three months from the date the Complaint was filed. All of defendant's witnesses must be disclosed four months from the date the Complaint was filed. Witness lists must be in the form provided by MCR 2.401(I) and shall be filed with the Court.

4. **Discovery.** Discovery shall be completed six months after the case is filed. The parties may extend discovery by written agreement between themselves, without the necessity of a Court Order, up to the date of the final pre-trial. Parties want to conduct early ADR with the option of continuing Discovery afterwards if ADR is unsuccessful, this provision may be amended as part of the ADR Scheduling Order.

5. **Medical Examinations.** Any medical examination required shall be completed no later than three months before trial and opposing counsel may have one month from receipt of the report to complete the discovery deposition of the examiner. If the report is not exchanged within two months of trial the witness will not be allowed to testify at trial.

6. **Exhibits.** Exhibits must be exchanged no later than three weeks prior to trial. If no objections are filed within seven days of trial, the exhibits will be admitted into evidence unless good cause is shown for the late objection.

1

Each party submitting exhibits must file a Proof of Service listing the exhibits that have been exchanged, but the exhibits should not be filed with the Court. Any objection must refer to the specific exhibit and must set forth the reason for the objection. Any exhibits not disclosed will not be admitted and any objection not filed will be deemed waived, unless good cause is shown for the lack of compliance with this Order.

7. **Extending Deadlines.** Deadlines for witness disclosure for medical examinations, discovery, and exhibits may be extended by written stipulation provided the changes do not effect the pretrial or trial dates. The agreement should be in writing but does not have to be confirmed in a Court order.

8. **Motions for Summary Disposition.** If a motion for summary disposition is noticed for hearing less than 28 days prior to the scheduled trial date, I may not decide the motion until the conclusion of the trial.

9. **Jury Instructions.** Requested jury instructions shall be filed seven (7) days before trial, and a copy shall be e-mailed simultaneously in Word format to pclark@co.jackson.mi.us Instructions shall be listed by title and number and shall specify those instructions to be given at the onset of the trial and those instructions to be given at the conclusion of proofs. Trial Briefs shall be filed by noon on the Friday before trial.

10. **Amending Case Scheduling Order.** A motion to amend shall be filed as soon as possible and shall contain proposed dates for modification and facts showing good cause.

11. **Service of Case Scheduling Order.** The Plaintiff must serve this Order with the Summons and file a Proof of Service. If an attorney appears in this case after the issuance of this Order, Plaintiff shall serve a copy of this order on the attorney within 14 days of receipt of the attorney's Appearance and/or Answer.

12. **Motions.** When scheduling a motion, an additional copy of both the motion and notice of hearing should be sent directly to the Judge. Civil motions are scheduled for a specific date to be arranged with the Judge's secretary, (517) 788-4365.

13. **Trial Procedures.** If attorneys plan on publishing exhibits to the jury, they are expected to have individual copies for all jurors if practicable. Trial exhibits should be labeled prior to the start of the trial.

14. **Sanctions.** Failure of either party to comply with this Order, may result in sanctions against the offending party and/or counsel, including attorney fees, and may result in dismissal of the case or default.

15. **Decorum.** Attorneys, litigants, and witnesses are expected to dress appropriately for court. Shorts and tank tops are not considered appropriate attire for adults.

Honorable Richard N. LaFlamme, Circuit Judge

Updated: 9-1-2011

2